## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TERESA SCOTT<br>On behalf of herself and<br>All others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-02386-JTM-JPO |
| | ) | |
| v. | ) | |
| | ) | |
| LIFETOUCH PORTRAIT STUDIOS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### JOINTLY PROPOSED PROTECTIVE ORDER

Upon review of the jointly proposed Protective Order, the Court hereby orders as follows:

The Plaintiff alleges:  (i) the Defendant has violated the Fair and Accurate Credit Transactions Act ("FACTA") by failing to properly truncate credit and debit card numbers and failing to exclude expiration dates; (ii) the Plaintiff and putative class members were damaged by the Defendant's alleged violation; and (iii) the Plaintiff and putative class members are entitled to monetary damages as a result of the Defendants' purported violation.  The Defendant denies Plaintiff's allegations.  Accordingly, the Plaintiff has requested and/or the Defendant has identified documents and information regarding the Defendant's intellectual property, business operations, and financial condition which the Defendant considers to be confidential, proprietary or trade secrets. The Defendant is expected to produce documents and information regarding the Plaintiff and all potential class members' personal financial information, including credit and debit card information.  The Plaintiff considers this personal financial information to be confidential.  Based on the foregoing, the parties assert good cause exists for entry of a Protective Order.

For good cause shown, the Court hereby enters the following Protective Order, the terms and conditions of which shall govern documents and information deemed confidential by the parties and specifically identified below.

1.      **Designations of "CONFIDENTIAL" materials.**    The parties shall have the right to designate as "CONFIDENTIAL," and this Protective Order shall only apply to, any documents or information that are:

    a.    Non-public confidential or proprietary information and documents regarding the Defendant's business operations, including, but not limited to, information about the Defendant's customers, financial condition, collective bargaining and/or business relationships, job descriptions, organizational structure, policies, programs, methods and/or procedures, practices, training materials, sales incentives, studies, trade secrets, intellectual property, or other information and documentation which may provide insight into Defendant's day-to-day processes and procedures;

    b.    Non-public confidential or proprietary information and documents regarding Olan Mills' business operations acquired by Defendant, including, but not limited to, information about Olan Mills' customers, financial condition, collective bargaining and/or business relationships, job descriptions, organizational structure, policies, programs, methods and/or procedures, practices, training materials, sales incentives, studies, trade secrets, intellectual property, or other information and documentation which may provide insight into Olan Mills' day-to-day processes and procedures; or

    c.    The Plaintiff's personal information, including personal financial information.

2.      **Designation of Deposition Testimony as Confidential.**    With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within ten days of receipt of the deposition transcript, notify the parties that the deposition testimony contains confidential material, in which case the designated testimony shall be subject to the full protections of this Order.

**3.** **Restriction on Disclosure of Designated Materials.**  No information or things designated "CONFIDENTIAL" shall be disclosed by any party, except as set forth in this Protective Order. No party shall use any material designated "CONFIDENTIAL" for any purpose other than in connection with preparation and trial of this action. No copies of designated materials shall be made, except by or on behalf of counsel of record for the parties to this Protective Order, their experts and/or consultants, or Court personnel.

**4.** **Marking of Designated Materials.**  Documents subject to this Protective Order shall be marked by placing the legend "CONFIDENTIAL," on each page of the document. All documents to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party. The terms of this Protective Order shall apply both retroactively and prospectively to all documents produced and designated as "CONFIDENTIAL" in this case, whether the documents were designated as "CONFIDENTIAL" before the entry of this Protective Order or after the entry of this Protective Order.

To the extent not inconsistent with any other paragraph, this paragraph shall govern information that has been produced and inadvertently not initially designated "CONFIDENTIAL." The initial failure to designate information in accordance with this Protective Order shall not preclude the producing party, at a later date, from designating any information "CONFIDENTIAL." The producing party may, by written notice to counsel of record for the receiving party, designate previously produced information as "CONFIDENTIAL" which it had inadvertently failed to designate as "CONFIDENTIAL."  Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information only to those persons qualified pursuant to this Protective

Order, and if such information has previously been disclosed to non-parties, take reasonable steps to obtain all such previously disclosed information and advise such non-parties to treat the designated materials confidentially as though originally so designated.

      **5.**     **Access to "CONFIDENTIAL" materials.**     Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

a.      Any party to this action;

b.      Counsel working on this action on behalf of any party to this action, and all assistants and stenographic and clerical employees working under the direct supervision of counsel, copying service providers and other independent contractors retained for the purpose of this litigation;

c.      Any person not employed by a party who is expressly retained by a party, or any attorney described in paragraph 5(b), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials only to the extent necessary to perform such work;

d.      Court reporters;

e.      The Court and jurors;

f.      Non-party deponents at a deposition when the portion of the deposition is designated confidential; and

g.      Non-party deponents and potential, anticipated or actual fact witnesses who are or have been employed by Defendants, with disclosure of "CONFIDENTIAL" materials, provided that the deponent or witness was identified in Rule 26 disclosures as a witness at least 10 days prior to any disclosure (or such longer period as the parties may agree upon from time to time, their agreement not to be unreasonably withheld) and the disclosure is limited to materials that are reasonably related to the subject matter of such deponents' or witnesses' anticipated testimony, and further provided that if the producing party objects to a disclosure to a particular deponent or witness after the identification of the deponent or witness as specified above, the parties shall meet and confer, and in the absence of further agreement, the producing party shall promptly seek the Court's intervention to preclude or limit disclosure. In the event of such objection, the receiving party shall not disclose any "CONFIDENTIAL" materials until resolution of the objection by agreement or Court order.

6.      **<u>Undertaking of Persons Receiving Designated Materials.</u>**  In no event shall any material designated "CONFIDENTIAL" be disclosed to any person described in paragraphs 5(c), 5(f), and 5(g) until that person has executed a written declaration in the form attached hereto as Exhibit A acknowledging he or she has read a copy of this Protective Order and agrees to be bound thereby. In the event of depositions of non-party witnesses, at which "CONFIDENTIAL" information is to be shown or revealed to the deponent, the party seeking to use such information shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A.  Unless such a declaration is obtained, "CONFIDENTIAL" information shall not be disclosed to the deponent. Counsel of record shall be responsible for maintaining a file of all such declarations. The signed declarations shall be available for inspection by this Court and any other party.

7.      **<u>Challenging Designations of Confidentiality</u>**.  Any party may request in writing, to the party producing documents, information, or material designated as "CONFIDENTIAL," that the designation be modified or withdrawn. If any party disputes the confidentiality of a document or information marked as "CONFIDENTIAL" (hereinafter, "the disputing party"), the disputing party shall state that objection and include a basis for the objection, by letter to the designating party. The parties agree to confer by telephone or in person to resolve any dispute respecting the terms and conditions of this Protective Order. If the parties are unable to resolve the dispute, the producing party must file a motion seeking a protective order within twenty-one (21) days of the failure to resolve such dispute. Upon any such motion, the burden shall be on the producing party to show why its designation is proper. Until the Court rules on such a dispute, the documents or information in question shall continue to be treated as "CONFIDENTIAL" information as designated.

8.      **Limitations Upon the Scope of Order.**  Nothing contained in this Protective Order shall affect the right of the designating party to disclose, or use for any purpose, the documents or information produced by it as "CONFIDENTIAL."

9.      **No Waiver of Privilege by Inadvertent Production.**  The parties further agree that the inadvertent production of any discovery materials that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not itself constitute a waiver of the applicable privilege or doctrine.   If any such discovery materials are inadvertently produced, the recipient of the discovery materials agrees that, upon request from the producing party, it will promptly return the discovery materials and all copies of the discovery materials in its possession, delete any versions of the discovery materials on any database it maintains and make no use of the information contained in the discovery materials; provided, however, that the party returning such discovery materials shall have the right to apply to the Court for an order that such discovery materials are not protected from disclosure by any privilege.   The person returning such material may not, however, assert as a ground for such motion the fact or circumstances of the inadvertent production.

10.     **Breach of This Order.**  Parties may seek appropriate remedies for breach of the provisions of this Protective Order.

11.     **Maintenance of Materials as Confidential.**  Information which is or has been produced or discovered in this litigation, regardless of whether designated "CONFIDENTIAL," shall be used by the receiving party solely for the prosecution or defense of this litigation, and shall not be used by any party, their counsel of record, or any other person to whom such materials are disclosed in any subsequent lawsuit, unless the information is available to the

general public or is the subject of written agreement between the parties' counsel regarding its use in related litigation, including for the purpose of defending ethical charges or professional malpractice charges. At the conclusion of this action, all documents and materials produced to the Plaintiff, the Defendants, or persons described in Paragraphs 5(c), 5(f), and 5(g) above pursuant to the terms of this Order, and all copies, summaries, and abstracts of such materials, however maintained, shall be kept completely confidential.

12.     **Return of "CONFIDENTIAL" Materials.**  Within 45 days of the termination of the litigation, counsel for any party seeking return of materials designated "CONFIDENTIAL" shall make a written request for return of such materials by identifying the specific Bates Numbers for documents it wants returned. The receiving party shall have 45 days following receipt of such request to comply. The parties' counsel may retain, on the condition that they will maintain the confidentiality of such material and will not use such material in contravention of this Order, (a) any privileged attorney work product they have created which incorporates an opposing party's discovery materials, and (b) archive copies of all deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court that contain or describe material designed "CONFIDENTIAL." Such materials shall continue to be treated as designated under this Order.

13.     **Production by Non-Parties.**  Any non-party who is producing confidential materials may agree to and obtain the benefits of the terms of this Order by designating as "CONFIDENTIAL" the discovery materials that the non-party is producing.  In the event a non-party produces confidential materials in this litigation without designating them as such, Defendant shall have thirty days upon receipt of notice of said production to designate materials as "CONFIDENTIAL."

14.     **Filing Confidential Documents with the Court.** If a party wishes to use any information identified as Confidential, that party shall file a motion seeking leave to file such information and used therein under seal. If the Court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.

15.     **Duration of Order.**  The confidentiality obligations imposed by this Protective Order shall remain in effect through the final disposition of this action. The parties understand and agree that each of them may seek leave to reopen this action to enforce the provisions of this Protective Order..

IT IS SO ORDERED.

Dated this 4th day of December, 2012.

                                                    /s James P. O'Hara
                                                    James P. O'Hara
                                                    U.S. Magistrate Judge

Stipulated Protective Order Agreed To and Submitted By:


   /s/ Brandee B. Bower
Brandee B. Bower
Michael F. Brady
Brad Kavanaugh
Attorneys for Plaintiff


   /s/ Julia D. Kitsmiller
Kimberly Jones
Julia D. Kitsmiller
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **TERESA SCOTT** | ) | |
| **On behalf of herself and** | ) | |
| **All others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:12-cv-02386-JTM-JPO** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **LIFETOUCH PORTRAIT STUDIOS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**EXHIBIT A**

**ENDORSEMENT OF PROTECTIVE ORDER**

I attest to my understanding that information or documents designated as "Confidential" are provided to me subject to the Agreed Protective Order dated _____ ___, 2012 (the "Order") entered in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms.  I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential pursuant to the Order.

I agree that I shall not disclose to others, except in accord with the Order, any Confidential discovery materials, in any form whatsoever, and that such Confidential discovery materials and the information contained therein may be used only for the purposes authorized by the Order.

I agree to return or destroy all copies of any Confidential discovery materials I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material will continue even after this Litigation concludes.

I agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure.  I further agree to be subject to the jurisdiction of the United States District Court, District of Kansas, for the purposes of any proceedings relating to enforcement of the Order.


Date:  _____

By:  _____

Print:  _____